**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CAROLYN MINOR,**

    **Plaintiff,**                          **CASE NO.**

**vs.**                                        **JURY TRIAL DEMANDED**

**DFS SERVICES, LLC,**

    **Defendant.**
_____/

**COMPLAINT**

Plaintiff, CAROL MINOR ("Plaintiff"), files this lawsuit against Defendant, DFS SERVICES, LLC, formerly known as Discover Financial Services, LLC ("Defendant"), and alleges the following.

1. This is an action for damages arising from the Defendant's violations of the Telephone Consumer Protection Act (hereinafter, the "TCPA"), 47 U.S.C. § 227 *et seq*.

**PARTIES**

2. Plaintiff is an individual residing in Hillsborough County, Florida. Plaintiff is the "called party."

3. The Defendant is a Delaware entity with its principal office located in Riverwoods, Illinois.

**JURISDICTION AND VENUE**

4. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to the TCPA claims.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## STATEMENT OF FACTUAL ALLEGATIONS

6. Since at least early 2015, the Defendant called the Plaintiff's cellular phone.

7. The Plaintiff's cellular telephone number is 813-446-9892.

8. The calls from the Defendant were made frequently and often multiple times a day.

9. The calls from the Defendant were made from phone numbers with the first six digits of 801-902.

10. Many calls originated from 801-902-2944 and 801-902-2945, phone numbers belonging to the Defendant.

11. When 801-902-2944 and 801-902-2945 are called, they are answered by an automatic answering service operated by DFS Services, LLC.

12. The Plaintiff became very familiar with the Defendant's telephone numbers, and typically would not answer the phone when the Defendant would call.

13. The Plaintiff does not recall providing express permission to the Defendant to call her cellular telephone, and prior to the filing of this lawsuit, the Defendant declined to provide a copy of the Plaintiff's signed application.

14. Even if Ms. Minor had, at one point, given the Defendant permission to call her cell phone, she revoked any such permission on multiple occasions.

15. Ms. Minor verbally requested that the Defendant stop calling her cell phone in February, March, May and June 2015.

16. The Defendant contends that its records show no indication the Ms. Minor revoked her consent for the Defendant to call her.

17. Despite this contention, as of November 2016, the Defendant was unable to provide any call logs to support its position.

18. The Defendant initiated many calls to the Plaintiff during the Plaintiffs working hours.

19. The Plaintiff was concerned about being reprimanded at work for checking her phone and, therefore, requested that the Defendant communicate with her by mail instead of phone.

20. Accordingly, any prior consent provided to the Defendant was revoked by the Plaintiff.

21. In response to the Plaintiff's requests to Defendant to stop calling her cellular phone, the Defendant advised that it would continue calling and did so.

22. The Defendant used an automatic telephone dialing system to call the Plaintiff on her cellular phone after the Plaintiff demanded that the Defendant stop calling her.

23. When the Plaintiff answered calls from the Defendant, there was a period of silence while the call was connected, indicating the use of an automatic telephone dialing system.

24. The frequency of the calls, which often occurred 4-12 times per day, indicates that the calls were made automatically.

25. Many of the calls began with an automated voice instructing Ms. Minor to hold for an "important message."

26. On more than one occasion, the Defendant initiated more than 10 calls to the Plaintiff in a single day.

27. The Plaintiff was also connected to different individuals on different calls, indicating that the calls were assigned to representatives by the automatic telephone dialing system.

28. The number of calls made by Defendant to Plaintiff's cellular phone will be established after a thorough review of the Defendant's records, but Plaintiff believes more than 280 calls were made to her cell phone by the Defendant without Plaintiff's express consent.

## COUNT I
## VIOLATIONS OF THE TCPA, U.S.C. § 227 *et seq.*

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully stated herein.

30. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …" 47 U.S.C. § 227(b)(1)(A)(iii).

31. The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

32. These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls, or whether such permission had been revoked. In fact, the Defendant did not have prior express consent to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

33. The number of daily calls to the Plaintiff also demonstrate the willful nature of the Defendants calls in violation of the TCPA.

34. As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

35. Because the Defendant knew or should have known it lacked prior express consent to autodial the Plaintiff's cellular telephone and willfully used an automatic telephone dialing system to call Plaintiff's cellular telephone without prior express consent, Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**HERMAN & WELLS**

/s/ Jason A. Herman
Jason A. Herman, Esq. FBN:0016086
5701 Park Blvd., N.
Pinellas Park, FL 33781
(727) 821-3195 (phone)
(877) 395-1574 (fax)
Attorney for Plaintiff
Service Emails: jason@hermanwells.com
warren@hermanwells.com
beth@hermanwells.com